UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00271-MOC

| RASAADI LENNOX HERNANDEZ, | ) | |
|---|---|---|
| a/k/a JUAN CARLOS HERNANDEZ | ) | |
| NAVARRETE-CESTUI QUE-TRUST | ) | |
| and CARLOS HERNANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| JOHN DOE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e) and 1915A, and Plaintiff's letter, [Doc. 9]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 14].

**I.      BACKGROUND**

Pro se Plaintiff RaSaadi Lennox Hernandez[1] filed this action on September 14, 2023, pursuant to 42 U.S.C. § 1983, against Defendant John Doe, identified as the Warden of Scotland Correctional Institutional ("Scotland CI"), which is in Laurinburg, North Carolina,[2] and Ronnie Honeycutt, identified as the Warden of Alexander Correctional Institution ("Alexander CI"), which is in Taylorsville, North Carolina. [Doc. 1]. Plaintiff sues both Defendants in their official capacity only. [Id. at 2]. Plaintiff alleges as follows. On June 8, 2023, Plaintiff was placed in segregation while housed at Scotland CI. A week later, Plaintiff went before a Disciplinary

---

[1] Plaintiff uses the name RaSaadi Lennox Hernandez in his purported sovereign citizen capacity. [See Doc. 1-1 at 6-8].

[2] Laurinburg is in the United States District Court for the Eastern District of North Carolina.

Hearing Officer (DHO) and was sentenced to 30 days in Restrictive Housing for Control Purposes (RCHP).  Plaintiff should have been released from RHCP on July 8, 2023.  Plaintiff, however, remained in RHCP at that time "with out any due process."  Plaintiff was then sent to Alexander CI on August 8, 2023, "where they also kept [him]."[3,4,5]  [Id. at 5].

Plaintiff claims that Defendants violated "all [his] constitutional rights," but he also specifically claims violation of his rights under the First, Fifth, Ninth, and Fourteenth Amendments.  [Id. at 3].  Plaintiff also asserts violations of "Article 1, section, 9" and 18 U.S.C. §§ 241 and 242.  [Id.].  For injuries, Plaintiff alleges emotional distress and lost wages.  [Id. at 5].  Plaintiff seeks $5 million from each Defendant.  [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.  28 U.S.C. §

---

[3] Plaintiff has since been transferred to Tabor Correctional Institution in Tabor City, North Carolina. [See Doc. 11].

[4] Plaintiff attached disciplinary records to his Complaint reflecting that he was charged with "actively participating in SRG activity directly related to sovereign citizens" on September 1, 2023, and that during the September 8, 2023 hearing on this charge he was "immediately … disruptive and refused to cooperate with the disciplinary hearing process."  [Doc. 1-1 at 3].  Plaintiff was found guilty on this charge and sentenced to 30 days in RHCP.  [Id. at 4].  It is unclear how these records relate to Plaintiff's Complaint.

[5] Also before the Court is Plaintiff's unsigned letter directed to the Clerk in which he asks to amend his Complaint with a Step Two grievance response.  [Docs. 9, 9-1].  The Court will strike this improper letter.  Plaintiff is admonished to carefully review the Court's Order of Instructions [Doc. 3], particularly regarding the manner of submissions to this Court, and Federal Rule of Civil Procedure 11, which requires that all submissions to the Court be signed by an attorney or the party, if unrepresented. Fed. R. Civ. P. 11(a).

2

1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

#### A. Venue

In an action arising under 42 U.S.C. § 1983, venue is established by 28 U.S.C. § 1391(b), which provides: (b) A civil action may be brought in: (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Therefore, under Section 1391, Plaintiff's action may be heard in a venue where all the defendants reside, or in the venue where the issue substantially arose. Here, Plaintiff's action substantially arose in the Eastern District of North Carolina. Pursuant to 28 U.S.C. § 1406(a), the Court may dismiss this action, or, if it is in the interest of justice, transfer this action to the United States District Court for the Eastern District of North Carolina. Because a portion of Plaintiff's claim arose in the Western District of North Carolina, the Court will only transfer that portion of

3

the action arising in the Eastern District – that is, Plaintiff's claim against the Warden of Scotland CI – to the Eastern District of North Carolina. The Court will conduct initial review of the portion of the action arising in the Western District of North Carolina

### B. Plaintiff's Claim Against Defendant Honeycutt

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

Plaintiff's claim against Defendant Honeycutt fails initial review for several reasons. To begin, Plaintiff's allegations regarding events at Alexander are so vague and conclusory that they fail to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). That is, Plaintiff alleges only that he was transferred to Alexander CI on August 8, 2023, and "they also kept [him]." [Doc. 1 at 5]. This allegation is wholly insufficient to state a claim related to events at Alexander CI.

Next, Plaintiff sues Defendant Honeycutt in his official capacity only. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be

4

sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff's claim against Defendant Honeycutt in his official capacity does not survive initial review and will be dismissed.

Finally, even if Plaintiff had sued Defendant Honeycutt in his individual capacity, Plaintiff has nonetheless failed to state a claim for relief against him. To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendant "acted personally" to cause the alleged violation. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). As such, the doctrine of respondeat superior does not apply in actions brought under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). A supervisor can only be liable where (1) he knew that his subordinate "was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury;" (2) his response showed "deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) there was an "affirmative causal link" between her inaction and the constitutional injury." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks omitted). Plaintiff has alleged no facts in support of these elements. He, therefore, would have failed to state a claim for relief against Defendant Honeycutt in any event.

As such, the remaining portion of Plaintiff's Complaint fails initial review, and the Court will dismiss it without prejudice.

## IV. CONCLUSION

In sum, the Court transfers the portion of the Complaint related to events arising at Scotland CI to the Eastern District of North Carolina and, as to the portion of Plaintiff's Complaint arising at Alexander CI, Plaintiff has failed to state a claim upon which relief may be granted. The Court

will dismiss that portion of the Complaint without prejudice

The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses and if the facts support such amendment. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to Plaintiff.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that the portion of Plaintiff's action arising at Scotland Correctional Institution is transferred to the Eastern District of North Carolina in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's letter [Doc. 9] is hereby **STRICKEN** from the record in this matter.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner Section 1983 form.

Signed: December 19, 2023

Max O. Cogburn Jr
United States District Judge